**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**J. H. RUTTER-REX MANUFACTURING COMPANY, Inc., Respondent.**

No. 16422.

United States Court of Appeals Fifth Circuit.

July 19, 1962.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Arnold Ordman, Atty., N. L. R. B., Washington, D. C., Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, James C. Paras, Stephen B. Goldberg, for National Labor Relations Board.

John M. Scott, Fort Worth, Tex., Henry J. Read, Montgomery, Barnett, Brown & Read, New Orleans, La., Brown, Herman, Scott & Young, Fort Worth, Tex., for J. H. Rutter-Rex Manufacturing Company, Inc.

Ralph N. Jackson, New Orleans, La., for intervenor.

Before CAMERON, JONES and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

On January 3, 1962, upon the application of J. H. Rutter-Rex Manufacturing Company, Inc., the employer, this Court issued an order temporarily staying all further actions pending before the National Labor Relations Board, Fifteenth Region, involving hearing with respect to back pay specification, until this Court could determine whether the motion to stay the proceedings permanently should be granted. This case arises as a sequel to our decision and order in N. L. R. B. v. J. H. Rutter-Rex Manufacturing Company, Inc., June 10, 1957, 5 Cir., 245 F. 2d 594. The question now is whether the stay order should be made permanent.

We will not undertake to detail all facts involved except to say that the difficulties resulted from a strike which began in April 1954 and ended in April 1955, out of which arose our decision above mentioned. The employer claims good faith compliance with the judicially enforced Board order; that it reported to the Board; and further, that on November 7, 1957, it wrote a letter to the Board in which it stated:

"If any instance of a failure to fully comply with the order is brought to your attention, we would appreciate your contacting us promptly so that such corrective measures as may be necessary can be immediately taken in order to assure full compliance with the decree."

The employer complains that nothing was heard from the Board until about three years later when the Board demanded detailed information covering approximately 400 employees. On November 16, 1961, more than four years after our decree, a formal back pay specification and notification was issued by the Board which involved numerous detailed figures, dates, wage rates, weekly earnings, probable earnings, etc. In summary, the employer contends that because of such unwarranted delay by the Board, the proceedings are invalid, are arbitrary and in violation of law.

The Board on the other hand relies upon its letter to the employer dated August 21, 1957, which contains the following statement:

"When you have fully complied with the affirmative terms of the

Decree and there are no violations of its negative provisions, you will be notified that the case has been closed. Until you receive such notice you will know that the case still remains open for all purposes as awaiting compliance."

Further, the Board asserts that the employer is thoroughly familiar with the type of letter written by the Board when there has been satisfactory compliance with the affirmative requirements and negative provisions of a decree and the file in the case finally closed. No such closing letter was written in this case and therefore, says the Board, the employer knew the matters involved were still pending.

The employer candidly admits that the relief herein sought by it has never been granted, or perhaps considered by the Federal Appellate Judiciary.[1] The employer specifically calls our attention to the "All Writs Act", 28 U.S.C.A. § 1651; the Administrative Procedure Act, 5 U.S.C.A. § 1005(a), § 1008(b) and § 1009(c); § 102.52 of the Rules of the Board relating to Back Pay Specification[2]; § 10

of the National Labor Relations Act, 29 U.S.C.A. § 160(b); numerous decisions commenting upon unusual and unreasonable delay; and the Five Year Statute of Limitations, 18 U.S.C.A. § 3282.

In effect, counsel for the Board has admitted the obvious assertion of the employer that there has been inordinate delay in this case. While the delay is regrettable, we are unwilling to exercise the power of this Court to permanently stay the administrative proceedings instituted by the Board and therefore, the motion for a permanent stay is hereby Denied. It seems appropriate to comment that the administrative proceedings involved remain subject to judicial review. At this time we simply conclude that we should not take any further action with respect to the proceedings before the Board prior to such time as a final order is entered by the Board, or other final action taken, without passing upon the question of the court's jurisdiction to grant such permanent stay or whether the court has or ought to exercise the power to stay such administrative proceedings.

[1]. "We begin by stating to the Court that no decision of the Federal appellate judiciary has heretofore considered a motion of this type, asking that the National Labor Relations Board be stayed from holding a back pay hearing where the Board had ordered that employees be reinstated and the Court had enforced the order."

[2]. "SEC. 102.52 Initiation of proceedings. —After the entry of a court decree enforcing an order of the Board directing the payment of back pay, if it appears

to the regional director that there has arisen a controversy between the Board and a respondent concerning the amount of back pay due which cannot be resolved without a formal proceeding, the regional director shall issue and cause to be served upon the respondent a backpay specification in the name of the Board. The specification shall contain or be accompanied by a notice of hearing before a trial examiner at a place therein fixed and at a time not less than 15 days after the service of the specification."